UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR I. GARRIS, | : | CIVIL ACTION NO. 3:CV-12-0170 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| DELBERT G. SAUERS, | : | |
| Respondent | : | |

FILED
SCRANTON
JUN 2 0 2012
PER _____ DEPUTY CLERK

## MEMORANDUM

Omar I. Garris, a federal inmate formerly confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Garris states that he was "over in D.C. Jail May 9, 2010 for a charge then [he] was acquitted for an August 26, 2010 and then the parole placed a detainer on [him] August 27, 2010" and "on August 30, 2010 Maryland came and took [him] and charged [him] with a crime [he] was accused which result in a acquittal on April 28, 2011, then U.S. Marshals came and got [him] May 3, 2011 and executed the warrant." (Doc. 1, petition). For relief, Garris states that he "should be home because the parole have [him] a 12 month hit." Id. On April 17, 2012, a response to the petition was filed. (Doc. 9). No traverse has been filed.

**Background**

On June 25, 1999, Garris was sentenced in the District of Columbia Superior Court to 60 and 120 month terms of imprisonment for carrying a pistol without a license and for assault with a dangerous weapon. (Doc. 9-1, Ex. A, Att. 1, Sentence Monitoring Computation Data).

On June 30, 2006, Garris was released via parole and ordered to remain under parole supervision until October 2, 2012. Id.

On February 20, 2008, an arrest warrant was issued for Garris' violation of his parole conditions. (Doc. 9-1, Ex. A, Att. 2, Warrant). The warrant noted that Garris had 2286 days remaining to be served on his sentence. Id. The warrant was executed with Garris' May 3, 2011 arrest. Id.

Garris was housed at the Philadelphia Federal Detention Center, from August 11, 2011, until September 26, 2011, awaiting his parole revocation hearing. (Doc. 9-1, Ex. A, Att. 3, Inmate History).

On September 26, 2011, he was designated to FCI-Allenwood, and housed there until March 29, 2012. Id.

On March 29, 2012, Garris was transferred to a residential re-entry center in Washington, D.C. Id. His projected release date, via parole, was May 20, 2012. (Doc. 9-1, Ex. A, Att. 1, Sentence Monitoring Computation Data).

A review of the Federal Bureau of Prisons' Inmate Locator reveals that Garris was released from federal custody on May 18, 2012. See http://www.bop.gov.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as moot.

**Discussion**

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. Art. III, § 2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If

developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). "Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) (citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990); Khodara Envtl., Inc., 237 F.3d at 193).

Garris' petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody. As there is no longer a live case or controversy, and Petitioner has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

A separate Order will be issued.

Dated:  June 20, 2012

_____
**United States District Judge**